UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

ABAYOMI ONAGBESAN,                                     No. 05-12295

                                  Debtor(s).
_____/

TIMOTHY W. HOFFMAN, Trustee,

                                  Plaintiff(s),

          v.                                                                     A.P. No. 05-1136

LISA C. BLAZEI,

                                 Defendant(s).
_____/

## Memorandum After Trial

       At his 341 hearing, Chapter 7 debtor Abayomi Onagbesan told the trustee, plaintiff Timothy Hoffman, under oath, that he had been married four about four years and that a home he had shared with his wife, defendant Lisa Blazei, had been purchased before they were married with her separate funds from an inheritance. These statements were false. The true facts were that he had been married for about nine years, his wife had no inheritance, and that the property had been purchased during the marriage. In fact, title had been taken by the debtor and his wife as community property.

1

In 2003, the Onagbesan and his wife sold the "inheritance" house and purchased a new home in Novato, California. Title to this home was taken in Blazei's name alone, because a judgment had been entered against Onagbesan. He filed his Chapter 7 petition on September 1, 2005, scheduling no interest in real property. Two months later, Balzei transferred title to Onas International, Inc., a shell corporation controlled by Onagbesan.

Blazei has entered into a stipulation with Hoffman whereby the property has been recovered for the benefit of the bankruptcy estate. The only remaining issue in this adversary proceeding is whether Onagbesan should receive his discharge.

Onagbesan has come forward with innocent explanations as to why his testimony to the trustee was in error. These innocent explanations might be true. However, the court finds it much more likely that the testimony was knowingly and intentionally false, given with the intent to convince the trustee that Onagbesan had no interest in the Novato residence or the proceeds of the sale of the prior residence.

Numerous factors lead the court to its conclusion. Onagbesan, although apparently foreign-born, appears intelligent, educated, articulate, fluent in English, and well-versed in property law. The questions the trustee asked were unambiguous, and the answers Onagbesan gave were precise. The false answers went to the heart of the sole asset of value in the case. Aside from excuses for his false statements, Onagbesan chose to defend this case by attacking the validity of the lawsuit against him even though judgment had been entered against him, indicating to the court that he felt justified in manipulating the facts of his case because he believed the judgment against him was unjust. Moreover, his use of the shell corporation evinces misplaced cleverness, not honesty.

The court concludes that Onagbesan knowingly and fraudulently gave the trustee false testimony under oath in connection with this case and with the intent to deceive the trustee into thinking the estate had no claims against the Novato real property. His discharge will accordingly be denied pursuant to § 727(a)(4) of the Bankruptcy Code. Hoffman shall recover his costs of suit.

This memorandum constitutes the court's findings and conclusions pursuant to FRCP 52(a) and FRBP 7052. Counsel for Hoffman shall submit an appropriate form of judgment forthwith.

1 | Dated: November 22, 2006

_____
Alan Jaroslovsky
U.S. Bankruptcy Judge

3